**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BETH HOSELTON-GRAY, | Case No. 1:25-cv-14670 |
| Plaintiff, | Judge John J. Tharp, Jr. |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE**
**TO MINUTE ENTRY ORDER [32]**

### I.    INTRODUCTION

Pursuant to the Court's minute order [32], Plaintiff Beth Hoselton-Gray submits this Supplemental Brief on whether the Hague Service Convention applies to the defaulting Defendants in this case. By that order, entered July 9, 2026, the Court took Plaintiff's motion for entry of default and default judgment [30] under advisement and instructed Plaintiff, by July 20, 2026, to file supplemental briefing as to whether the Hague Convention applies. Plaintiff has investigated each of the seven Defaulting Defendants identified on the operative First Amended Schedule A on which its motion is based. The investigation is described in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibits A (per-defendant address/map investigation) and B (PRC Tianyancha corporate-registry findings).

The seven Defendants divide into two populations. Five Defendants (Nos. 4, 17, 18, 23, and 24.) are PRC-resident online sellers on Amazon. As to each, Plaintiff respectfully submits that the Convention is inapplicable on two independent grounds. First, Plaintiff possesses no registered Chinese-character legal name for any of them, which forecloses Hague service through the PRC Central Authority as a matter of structural design – the practitioner-authority discipline that

1

governs Hague-Request drafting establishes that a Request naming a defendant only by a romanized or English-translated trade name "is assured to fail" and should not be submitted.[1] Second, the platform-disclosed address for each cannot be verified to a serviceable location connected to the defendant after the diligence Plaintiff has performed. On either ground, Article 1 renders the Convention inapplicable and email service under Federal Rule of Civil Procedure 4(f)(3) is proper.

Two Defendants (Nos. 32 and 33) are not PRC-resident and disclose United States addresses; the PRC Hague framework does not apply to them at all, and they present a domestic-service question addressed separately in Section IV.C below. Plaintiff respectfully requests an order authorizing service by email under Rule 4(f)(3) as to Defendants Nos. 4, 17, 18, 23, and 24, and appropriate direction as to Defendants Nos. 32 and 33.

## II.    LEGAL STANDARD

In *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, the Seventh Circuit held that the Hague Convention prohibits email service in China where the Convention applies, but the district court must first determine whether the Convention applies at all. 177 F.4th 793, 795–96 (7th Cir. 2026); *see also* No. 25-2205, 2026 WL 1502198, at *5–*6 (7th Cir. May 29, 2026).

The Convention does not apply, however, "where the address of the person to be served with the document is not known." Convention art. 1, 20 U.S.T. at 362.[2] The standard this district applies, cited approvingly in *Kangol*, 177 F.4th at 799, requires "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address." *NBA Props., Inc. v. P'ships &*

---

[1] Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024), https://www.haguelawblog.com/2024/03/chinese-company-names-flawed-addresses-and-the-high-likelihood-of-hague-service-failure/ (last visited July 15, 2026).

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, Nov. 15, 1965, 20 U.S.T. 361 ("Convention" or "Hague Convention").

*Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). That standard is conjunctive. A plaintiff must not only ascertain a listed address but verify it, and "[b]are assertions regarding the reliability of Defendant's publicly available address are not a substitute for actual diligence." *Id.* Where a plaintiff investigates the platform-disclosed address and cannot confirm it as a real, usable location for service, the address is "not known" within Article 1. *Cf. Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (deeming addresses not known where the plaintiff investigated online and confirmed the physical addresses were neither correct nor usable for service); *accord Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025).

A second, independent feature of Article 1 concerns the identity of the party to be served. Under the law of the People's Republic of China, only a defendant's registered Chinese-character legal name has legal status; the romanized or English-translated trade name on a platform record is not the defendant's legal identity. The practitioner-authority discipline governing Hague-Request drafting follows from this: a Request that names a defendant only by a romanized or English-translated form is assured to fail, because the destination's local intermediate people's court, which executes the Request, cannot reconcile a romanized identifier to a registered entity in the State Administration for Market Regulation (国家市场监督管理总局, "SAMR") registry.[3] That framework prescribes the diligence a plaintiff must complete *before* invoking the Convention — identify the registered Chinese-character legal name and the registered address of each

---

[3]Lukken, *Chinese company names*, *supra* note 1 ("only the Chinese language name has any legal status; as a legal matter, the English is not relevant"; naming a defendant on a summons and Hague Request by a trade name that is not the company's actual legal name is assured to fail).

defendant through Chinese-language registry and map investigation[4] — and counsels against submission where the diligence cannot produce a registered Chinese-character name or a verifiable registered address for the defendant.[5] It has been restated in the post-*Kangol* environment as the current state of practice.[6]

### III.   PLAINTIFF'S PER-DEFENDANT INVESTIGATION

The PRC SAMR requires four components in a registered entity's name: 行政区划 (administrative-region prefix), 字号 (distinctive trade-name component), 行业表述 (industry descriptor), and 组织形式 (organizational-form suffix). A Hague Request must name the defendant by that registered Chinese-character legal name. *See* Jiang Decl. ¶ 4.

For each of the five PRC-resident Defendants (Nos. 4, 17, 18, 23, and 24.), Plaintiff's investigation comprised: (a) cataloging the platform-disclosed address on the operative Schedule A; (b) verifying the address on Baidu Maps (百度地图), Amap (高德地图), and Google Maps;[7] (c) searching the Tianyancha (天眼查)[8] PRC business-registry portal by both the storefront identifier and the platform-disclosed Chinese-language address; (d) classifying the identifier by failure pattern under PRC corporate-naming law; and (e) assigning a service tier. Jiang Decl. ¶¶ 3,

---

[4]Aaron Lukken, *A Hague-compliant roadmap for service on "Schedule A" defendants*, Hague Law Blog (July 2024), https://www.haguelawblog.com/2024/07/a-hague-compliant-roadmap-for-service-on-schedule-a-defendants/ (last visited July 15, 2026).

[5]Aaron Lukken, *Registered addresses . . . just as valuable over there as here*, Hague Law Blog (Oct. 2025), https://www.haguelawblog.com/2025/10/registered-addresses-just-as-valuable-over-there-as-here/ (last visited July 15, 2026) (registry-validated addresses can still draw failure returns where the local executing court cannot reconcile the platform-disclosed identifier with any registered entity at the address).

[6]Aaron Lukken, *Hague Service on Schedule A defendants . . . simplified*, Hague Law Blog (June 2026), https://www.haguelawblog.com/2026/06/hague-service-on-schedule-a-defendants-simplified/ (last visited July 15, 2026).

[7]Plaintiff has performed Chinese-language map verification for each of the five PRC-resident Defendants on Baidu Maps (百度地图) and Amap (高德地图), the two PRC-native consumer map services with the most authoritative Chinese-language address coverage in the PRC market. Plaintiff does not rest its verification record on Google Maps, which has well-documented coverage gaps for PRC residential and rural addresses; Google Maps results are reported for completeness only. Screenshots of the Baidu and Amap results for each Defendant are collected in Exhibit A and are on file for the Court's inspection.

[8] Tianyancha.com, PRC official registered corporate credit reporting agency under the National SME Development Fund (last visited July 15, 2026).

5. None of the five PRC-resident Defendants is identified on the platform record by a Chinese-character legal name; each appears only by a romanized pinyin identifier or an English trade name (Defendant No. 17, "Meilaili Art"). The full per-defendant record is set out in Exhibit A (map investigation) and Exhibit B (Tianyancha registry). A navigation table follows.

| No. | Defendant | Platform | Population | Tier | Proposed Service |
|---|---|---|---|---|---|
| 4 | jiangmenshixinhuiqudefuniqiufuhu | Amazon | PRC | Tier 1 | Email / Rule 4(f)(3) |
| 17 | Meilaili Art | Amazon | PRC | Tier 1 | Email / Rule 4(f)(3) |
| 18 | xiaonashangmao | Amazon | PRC | Tier 1 | Email / Rule 4(f)(3) |
| 23 | yiwushiqiafengmaoyiyouxiangongsi | Amazon | PRC | Tier 1 | Email / Rule 4(f)(3) |
| 24 | xiangchengshisuokanshangmaoyouxiangongsi | Amazon | PRC | Tier 1 | Email / Rule 4(f)(3) |
| 32 | 5diamondpainting | PayPal | **United States** | N/A | Domestic-service question (see § IV.C) |
| 33 | littleturtlecottage | PayPal | **United States** | N/A | Domestic-service question (see § IV.C) |

## IV. ARTICLE 1 APPLICABILITY PER DEFENDANT

**A. The Convention's Article 1 Does Not Apply to Any of the Five PRC-Resident Defendants Because the Platform Data Available to Plaintiff Does Not Identify Any of Them in a Form Capable of Supporting Hague Service (Defendant Nos. 4, 17, 18, 23, and 24)**

Plaintiff first identifies one ground for Article 1 inapplicability that applies categorically across all five PRC-resident Defendants: the data Plaintiff possesses is not a Hague-serviceable identity for any of them, and practitioner-authority discipline counsels against submission. That discipline establishes two pre-submission prerequisites for a Request capable of execution against a PRC defendant: (1) the defendant's registered Chinese-character legal name, in the four-element SAMR structure (行政区划; 字号; 行业表述; 组织形式); and (2) a verifiable registered address

corresponding to that named entity.[9] Plaintiff has applied that discipline and performed the prescribed diligence: Chinese-language searches of the Tianyancha registry by both storefront identifier and platform-disclosed address for each of the five Defendants; Chinese-language verification of each platform-disclosed address on Baidu Maps and Amap; and per-defendant decomposition of each platform identifier against the four required elements. Jiang Decl. ¶ 9.

The diligence confirms a uniform result: no Defendant produces a registered Chinese-character legal name on the platform record. Four of the five are identified only by romanized pinyin (Defendants 4, 18, 23, and 24) and one by an English trade name (Defendant 17, "Meilaili Art"). The registry searches produced no registered entity matching any Defendant's storefront identifier at the platform-disclosed address. The platform record before this Court is, on the governing practitioner framework, the textbook pattern "assured to fail" if submitted to the Central Authority — the precise pattern that authority counsels not to submit. Plaintiff has therefore declined to submit any Hague Request; doing so would be facially deficient and would not produce service capable of execution. The Convention cannot be invoked with what Plaintiff actually holds; Article 1 makes the Convention inapplicable; Rule 4(f)(3) email service is the available mechanism.

Plaintiff is candid that no published opinion squarely adopts this structural-ascertainment argument. It is anchored in practitioner authority and in the declarant's personal knowledge of PRC registry practice and judicial-execution conventions. Jiang Decl. ¶¶ 1, 4, 9. Plaintiff presses it as an alternative and additional basis for Article 1 inapplicability; the defendant-specific diligence analysis in the next section provides an independent basis under *NBA Properties*. Either ground independently supports the same disposition.

---

[9]Lukken, *Chinese company names*, *supra* note 1; Lukken, *A Hague-compliant roadmap*, *supra* note 4.

**B. The Convention's Article 1 Does Not Apply to the Five PRC-Resident Defendants Because Their Platform-Disclosed Addresses Cannot Be Verified to a Serviceable, Defendant-Connected Location (Defendant Nos. 4, 17, 18, 23, and 24)**

Independent of the structural ground, the platform-disclosed address for each of the five PRC-resident Defendants has been ascertained but cannot be *verified* to a serviceable, defendant-connected location after the diligence *NBA Properties* requires. 549 F. Supp. 3d at 796. Plaintiff addresses each in turn.

**(1) No registered entity and no map-verifiable premises (Nos. 17 and 18).**

As to Defendant No. 17 (Meilaili Art), neither a name-based search nor an address-based search of the platform-disclosed address (兴港二里40号, Haicang District, Xiamen, Fujian) returned any registered entity, and Baidu Maps and Amap resolve only to the 兴港花园/兴港二里 residential compound, not to the pleaded unit. Ex. A, No. 17; Ex. B, No. 17; Jiang Decl. ¶ 6(a). As to Defendant No. 18 (xiaonashangmao), the platform-disclosed address is a direction-based descriptor ("10 meters north of the intersection of Shiyikuang Road and Jingshi Line, No. 3," Xinhua District, Pingdingshan, Henan); a name search returned twenty phonetically similar 商贸 companies, none in the pleaded city and none matching the exact name, and the address search returned no registered entity. Baidu Maps and Amap resolve only to the road intersection, not to any building. Ex. A, No. 18; Ex. B, No. 18; Jiang Decl. ¶ 6(b). For neither Defendant can the platform-disclosed address be verified as a real, usable location connected to the seller.

**(2) Registered address in a different province (No. 23).**

As to Defendant No. 23 (yiwushiqiafengmaoyiyouxiangongsi), the storefront pinyin corresponds to trading companies registered in 义乌市, 浙江省 (Yiwu, Zhejiang) — the closest being 义乌市恰奉贸易有限公司 (USCC 91330782MAE5L69A71; legal representative 刘卫军;

active) at 浙江省金华市义乌市稠城街道丹溪北路127号201室 — while the platform-disclosed address is in 莆田市, 福建省 (Putian, Fujian), a different province approximately 300 kilometers away. All pinyin matches are registered in Zhejiang; the address search at the pleaded Putian address returned no registered entity; and Baidu Maps and Amap resolve only to the 天通泰 residential compound, not the pleaded unit. The registered address does not match the platform-disclosed address; the address is not known as this Defendant's. Ex. A, No. 23; Ex. B, No. 23; Jiang Decl. ¶ 6(c).

**(3) Exact-address registry hits that do not make the address "known" (Nos. 4 and 24).**

Plaintiff discloses candidly that, for two Defendants, an address-based search returned a registered entity at the *exact* platform-disclosed address. In neither does the hit make the address "known" as the Defendant's for Hague purposes.

For Defendant No. 4 (jiangmenshixinhuiqudefuniqiufuhu), the registered entity at the exact address (新会区大鳌镇西江渡口所三十六顷天宝围, Jiangmen, Guangdong) is 江门市新会区德福泥鳅孵化服务有限公司 ("Defu Loach Hatching Service Co., Ltd."; USCC 91440705MA52LDB67M; legal representative 朱金云; active, carrying a 司法案件 judicial-case tag), whose registered business scope — fish-fry hatching, cultivation, and sale of aquatic products (鱼苗孵化及培育；养殖、销售：水产品) — is inconsistent with an Amazon art seller. The platform disclosed no Chinese-character business name; the storefront is a romanized string concatenating the geographic prefix (江门市新会区) with a partial romanization of a trade name (德福泥鳅), and nothing links the alias to the registered entity. The same address is the registered address of a second, unrelated entity — a riverside food stall, 新会区大鳌沿江大排档 (USCC

92440705MA4XCGC69M) — and the mapping tools resolve only to the 三十六顷村 village area and a rural river-polder aquaculture site with no building or unit number. The name-match prong fails; the address is not known as this Defendant's. Ex. A, No. 4; Ex. B, No. 4; Jiang Decl. ¶ 7(a).

As to Defendant No. 24 (xiangchengshisuokanshangmaoyouxiangongsi), the registered entity at the exact address (光武湖滨路天安世家4号楼503室, Xiangcheng, Zhoukou, Henan) is 项城市锁看商贸有限公司 (USCC 91411681MA9GHYLY5Q; legal representative 韩娟娟), which is 注销 (cancelled) as of June 30, 2022 — the legal person is extinguished and service on it at the registered address would be futile. The name match is phonetic only, and the platform disclosed no Chinese-character business name. The identical unit (503室) is also the registered address of a second entity under the same legal representative (韩娟娟), 项城市锁含看商贸有限公司 (USCC 91411681MADLRY595Y), which is likewise 注销 (cancelled) — indicating a shared or virtual registration point rather than a dedicated business premises. The mapping tools resolve only to the 天安世家 residential compound, not the pleaded Building 4, Room 503. The address is not known as a viable address for this Defendant. Ex. A, No. 24; Ex. B, No. 24; Jiang Decl. ¶ 7(b).

For each of the five PRC-resident Defendants, therefore, the platform-disclosed address has been ascertained but cannot be verified to a serviceable, defendant-connected location on the record before this Court. Article 1's "address not known" provision applies; the Convention does not; and email service under Rule 4(f)(3) is proper.

In the alternative, should the Court determine that the Convention applies to any PRC-resident Defendant on the present record, Plaintiff is prepared to undertake Hague Central Authority service through the PRC Ministry of Justice International Legal Cooperation Center as

to any such Defendant the Court determines has cleared the pre-submission prerequisites (a registered Chinese-character legal name and a verifiable registered address), within a reasonable period set by the Court — though Plaintiff's investigation indicates no such Defendant exists on the present record.

**C. Defendant Nos. 32 and 33 Are United States-Resident Storefronts Outside the PRC Hague Framework and Present a Domestic-Service Question for Counsel's Determination**

Two of the seven Defendants are not PRC-resident and are outside the China-Hague analysis entirely. Both disclose United States addresses on the PayPal processor record. Defendant No. 32 (5diamondpainting) lists a San Diego, California street address (2723 Vernon Street) that did not verify on Google or Google Maps and does not resolve to a verifiable premises:



Defendant No. 33 (littleturtlecottage) lists a La Mesa, California post-office box (P.O. Box 1404, La Mesa CA 91944) for an online store with no physical premises; the P.O. Box is registered with an accounting firm (see screenshot below on the left); its Google Maps business listing drops its pin offshore in the Pacific Ocean (see screenshot below on the right). *See* Ex. A, Nos. 32-33; Ex. B, Nos. 32-33; Jiang Decl. ¶ 8.



The Hague Convention does not apply because these two Defendants list U.S. domestic addresses and the addresses are not known.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for entry of default and default judgment [30] because the Hague Convention does not apply in this case.

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

11