**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BETH HOSELTON-GRAY, | Case No. 1:25-cv-14670 |
| Plaintiff, | |
| v. | Judge John J. Tharp, Jr. |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am Yanling Jiang. I am an attorney at JiangIP LLC, one of counsel for Plaintiff Beth Hoselton-Gray in this action, and I have appeared in this matter [5]. I am admitted to practice law in the States of Illinois and California, and before this Court. I make this Declaration in support of Plaintiff's Supplemental Brief in Response to Order [32] on the applicability of the Hague Service Convention. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called to testify could and would do so competently. The matters stated below regarding (a) the structure of registered company names under the law of the People's Republic of China ("PRC"), (b) the operation of the PRC State Administration for Market Regulation's entity registry, (c) the Chinese-language platform records of the five PRC-resident Defendants identified on the operative Schedule A, and (d) the practical operation of Hague Service Convention execution by the local intermediate people's courts in the

1

PRC, rest on the following bases: I was born and raised in the People's Republic of China, where I resided for approximately twenty years before relocating to the United States; I am a native speaker of Mandarin Chinese with full reading and writing proficiency in simplified Chinese characters; I have personally reviewed each of the platform-disclosed records and Chinese-language registry records described in this Declaration; and I have direct professional familiarity with the registration conventions of the PRC entity-registration system and the civil-procedure practices of the local intermediate people's courts described herein.

2. I submit this Declaration in support of Plaintiff's Supplemental Brief in Response to Minute Entry Order [32]. By minute order entered July 9, 2026 [32], the Court took Plaintiff's motion for entry of default and default judgment [30] under advisement and instructed Plaintiff, by July 20, 2026, to file supplemental briefing as to whether the Hague Convention applies to this case. This Declaration addresses that question by setting out the defendant-specific investigation I directed as to each of the seven Defendants identified on the operative First Amended Schedule A on which Plaintiff's motion is based. Two of those seven Defendants (Nos. 32 and 33) disclose United States addresses rather than PRC addresses; as explained in paragraph 8 below and in the accompanying Brief, the PRC Hague-service framework addressed in this Declaration does not apply to them, and I address them only to complete the record.

3. At my direction, Plaintiff's counsel and a China-based legal research associate conducted a defendant-specific investigation of each Defendant to determine, for each, whether the platform-disclosed seller identifier and address are sufficient to support service through the Hague Convention's central-authority mechanism. For each of the

five PRC-resident Defendants (Nos. 4, 17, 18, 23, 24), the investigation comprised: (a) cataloging the platform-disclosed address as listed on the platform seller record and the operative Schedule A; (b) verifying that address on Baidu Maps (百度地图), Amap (高德地图), and Google Maps; (c) searching the Tianyancha (天眼查) PRC business-registry portal by both the storefront identifier and the platform-disclosed Chinese-language address; (d) classifying the seller's business-name identifier by failure pattern under PRC corporate-naming law; and (e) assigning a proposed service-method tier. The per-defendant map-investigation results are set out in Exhibit A, and the corresponding PRC corporate-registry (Tianyancha) findings for the five PRC Defendants are set out in Exhibit B.

4. Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR"), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name; the local intermediate people's court that executes the request cannot reconcile a romanized or English-translated storefront identifier against the SAMR registry.

5. None of the five PRC-resident Defendants (Nos. 4, 17, 18, 23, 24) is identified on the platform record by a Chinese-character legal name; each is listed only by a romanized pinyin identifier or an English trade name (Defendant No. 17, "Meilaili Art"). A true and correct summary of the per-defendant investigation results — including, for each

Defendant, the platform identifier, the platform-disclosed address, the Google / Google Maps / Baidu Maps / Amap verification result, the naming pathology, and the proposed service tier — is attached as Exhibit A. The corresponding PRC corporate-registry findings are attached as Exhibit B.

6. For the five PRC-resident Defendants (Nos. 4, 17, 18, 23, 24), my investigation confirms that no Defendant's platform-disclosed address is a known, Defendant-connected serviceable location, and that the platform record supplies no registered Chinese-character legal name for any of them. In summary, and as detailed in Exhibits A and B:

    a. **Defendant No. 17 (Meilaili Art).** The storefront is identified only by an English trade name. Neither a name-based search nor an address-based search of the platform-disclosed address (兴港二里40号, Haicang District, Xiamen, Fujian) returned any registered entity. Baidu Maps and Amap resolve only to the 兴港花园/兴港二里 residential compound, not to the pleaded unit. No registered entity matching this Defendant was found. *See* Ex. A, No. 17; Ex. B, No. 17.

    b. **Defendant No. 18 (xiaonashangmao).** A name-based search returned twenty phonetically similar 商贸 (trading) companies, none registered in the platform-disclosed city (平顶山市, Pingdingshan, Henan) and none matching the exact storefront name; the address-based search returned no registered entity. The platform-disclosed address is a direction-based descriptor ("10 meters north of the intersection of Shiyikuang Road and Jingshi Line, No. 3"), and Baidu Maps and

Amap resolve only to that road intersection, not to any building or unit. No matching registered entity was found. *See* Ex. A, No. 18; Ex. B, No. 18.

c. **Defendant No. 23 (yiwushiqiafengmaoyiyouxiangongsi).** The storefront pinyin corresponds to trading companies registered in 义乌市, 浙江省 (Yiwu, Zhejiang) — the closest being 义乌市恰奉贸易有限公司 (USCC 91330782MAE5L69A71; legal representative 刘卫军; active), registered at 浙江省金华市义乌市稠城街道丹溪北路127号201室 — but the platform-disclosed address is in 莆田市, 福建省 (Putian, Fujian), a different province approximately 300 kilometers away. All pinyin-matching entities are registered in Zhejiang, and none is at the pleaded Putian address; the address-based search at the pleaded address returned no registered entity. The registered address does not match the platform-disclosed address; it is not known as this Defendant's address. *See* Ex. A, No. 23; Ex. B, No. 23.

7. Two of the PRC-resident Defendants (Nos. 4 and 24) present registered entities whose registered address exactly matches the platform-disclosed address. I disclose those findings candidly, because in each the registry hit does not make the address "known" as the Defendant's for Hague purposes:

a. **Defendant No. 4 (jiangmenshixinhuiqudefuniqiufuhu).** The address-based search returned a registered entity at the exact platform-disclosed address (新会区大鳌镇西江渡口所三十六顷天宝围, Jiangmen, Guangdong): 江门市新会区德福泥鳅孵化服务有限公司 ("Defu Loach Hatching Service Co., Ltd."; USCC 91440705MA52LDB67M; legal representative 朱金云; status

5

开业/active, carrying Tianyancha tags 存续;小微企业;司法案件, i.e., a judicial-case tag). Its registered business scope is 鱼苗孵化及培育；养殖、销售：水产品 (fish-fry hatching and cultivation; aquaculture and sale of aquatic products) — a rural aquaculture business inconsistent with an Amazon art/print seller. The storefront identifier is a romanized string that concatenates the geographic prefix (江门市新会区) with a partial romanization of a trade name (德福泥鳅), but the platform did not disclose any Chinese-character business name, and nothing on this record links the storefront alias to this registered entity. The same address is also the registered address of a second, unrelated entity — a riverside food stall, 新会区大鳌沿江大排档 (USCC 92440705MA4XCGC69M; legal representative 梁润泉). On the mapping tools, the address resolves only to the 三十六顷村 (Thirty-six Qing Village) area and a rural river-polder aquaculture site with no building or unit number. The name-match prong therefore fails, and the address is not known as this Defendant's address within the meaning of Article 1. *See* Ex. A, No. 4; Ex. B, No. 4.

b. **Defendant No. 24 (xiangchengshisuokanshangmaoyouxiangongsi).** The address-based search returned a registered entity at the exact platform-disclosed address (光武湖滨路天安世家4号楼503室, Xiangcheng, Zhoukou, Henan): 项城市锁看商贸有限公司 (USCC 91411681MA9GHYLY5Q; legal representative 韩娟娟). That entity is 注销 (cancelled) as of June 30, 2022 — the legal person is extinguished, and service on the registered entity at the registered

address would be futile. The name match is phonetic only ("suokan" = 锁看); the platform disclosed no Chinese-character business name. The identical unit (503室) is the registered address of a second entity under the same legal representative (韩娟娟) — 项城市锁含看商贸有限公司 (USCC 91411681MADLRY595Y) — which is also 注销 (cancelled), indicating a shared or virtual registration point rather than a dedicated business premises. On the mapping tools, the address resolves only to the 天安世家 residential compound, not to the pleaded Building 4, Room 503 as a discrete occupant. The address is not known as a viable address for this Defendant within the meaning of Article 1. *See* Ex. A, No. 24; Ex. B, No. 24.

8. Two of the seven Defendants (Nos. 32 and 33) are outside the PRC framework of this Declaration entirely, because they disclose United States addresses on the platform/processor record rather than PRC addresses. Defendant No. 32 (5diamondpainting, disclosed on PayPal) lists a San Diego, California street address (2723 Vernon Street) that did not verify on Google or Google Maps and does not resolve to a verifiable premises. Defendant No. 33 (littleturtlecottage, disclosed on PayPal) lists a La Mesa, California post-office box (P.O. Box 1404, La Mesa CA 91944) for an online store with no physical premises; its Google Maps business listing drops its pin offshore in the Pacific Ocean. The PRC corporate registry (Tianyancha) does not apply to either, and I express no opinion on service as to them; their registry line in Exhibit B reads "N/A — U.S. defendant; PRC/Hague-China analysis inapplicable." I understand that service on Defendants Nos. 32 and 33 presents a domestic-service question to be resolved by counsel under domestic rules, separate

7

from the PRC Hague analysis set out above. *See* Ex. A, Nos. 32–33; Ex. B, Nos. 32–33.

9. Plaintiff's decision not to submit any Hague Service Convention Request to the People's Republic of China Ministry of Justice International Legal Cooperation Center (the PRC's designated Central Authority under Article 5 of the Convention) as to any of the five PRC-resident Defendants (Nos. 4, 17, 18, 23, 24) rests on the following analysis. Practitioner authority on Hague service against PRC defendants establishes two pre-submission prerequisites for a Request capable of execution: (a) the defendant's registered Chinese-character legal name in the four-element SAMR structure described in paragraph 4 above; and (b) a verifiable registered address corresponding to that named entity. Plaintiff has performed the diligence these sources prescribe: Chinese-language searches of the Tianyancha registry, by both storefront identifier and platform-disclosed address, for each of the five PRC-resident Defendants; Chinese-language verification of each platform-disclosed address on Baidu Maps and Amap; and per-defendant decomposition against the four required structural elements. That investigation confirms that no Defendant produces the prerequisite combination on the platform record: as to Defendants Nos. 17 and 18, no registered entity was found at all; as to Defendant No. 23, the only registry matches are registered in a different province approximately 300 kilometers from the pleaded address; and as to Defendants Nos. 4 and 24, the exact-address registry hits are defeated candidly — No. 4's registered entity is a name-mismatched aquaculture business (whose address is shared with a food stall), and No. 24's phonetic-name entity is cancelled (注销) and shares its unit with a second cancelled entity under the same legal representative. Based on my personal knowledge

of PRC registry conventions and local-court execution practice described in paragraph 1 above, submitting a Hague Service Convention Request under these conditions would be facially deficient and would not produce service capable of execution by the local intermediate people's court at the platform-disclosed jurisdiction. Plaintiff has therefore declined to submit, and respectfully identifies the structural defect to this Court in the contemporaneously filed Supplemental Brief as a basis for Article 1 inapplicability of the Convention. Because none of the five PRC-resident Defendants verifies to a serviceable, Defendant-connected address, none re-tiers to Hague Central-Authority service; email service under Rule 4(f)(3) is proper as to each under Article 1's "address not known" provision.

10. Exhibits A and B are true and correct copies of the documents and records they purport to be, prepared in the course of the investigation I directed and supervised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026          */s/ Yanling Jiang*
                                         Yanling Jiang
                                         Counsel for Plaintiff